UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARTIN GREEN, #191482,         )
                               )
           Plaintiff,          )     Case No. 4:03-cv-160
                               )
v.                             )     Honorable Robert Holmes Bell
                               )
M. BARBER, et al.,             )
                               )     **MEMORANDUM OPINION**
           Defendants.         )
_____)

        This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. Plaintiff filed his complaint on November 14, 2003. On March 31, 2005, the court entered judgment in favor of defendants. (docket # 41). Defendants filed a timely motion to tax costs in the amount of $61.25. (docket # 42). On April 4, 2005, the court issued an order directing plaintiff to file a response to defendants' motion on or before April 25, 2005. (docket # 45). The court's order expressly directed plaintiff to file a current Certificate Establishing Prisoner Account Activity. Plaintiff elected not to file a response.

        Generally, costs other than attorney's fees are allowed as a matter of course to the prevailing party unless the court otherwise directs. FED. R. CIV. P. 54(d). This language creates a presumption in favor of awarding costs. *See Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999). In its discretion, the court finds that no relevant factor weighs sufficiently in plaintiff's favor to provide a basis for disturbing the presumption in favor of awarding defendants their costs. *See Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).

Defendants' motion is supported by verification that each item of cost or disbursement was correct and had been necessarily incurred in this action and that the services for which fees had been charged were actually and necessarily performed. Plaintiff has not objected to the reasonableness or appropriateness of any cost item sought by defendants.[1] The court finds that the costs sought by defendants are authorized by statute and are reasonable in nature and amount. Costs in the amount of $61.25 are therefore approved. Judgment will be entered in defendants' favor in that amount.


Date:     May 10, 2005                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed his complaint years after the effective date of the Prison Litigation Reform Act. All costs incurred by defendants in this case were incurred after the effective date of the PLRA. Plaintiff elected not to submit a certificate establishing his prison account activity as directed by the court's April 4, 2005 order. Therefore, plaintiff has not submitted any evidence that would entitle him to make only periodic payments under 28 U.S.C. § 1915(f)(2)(B).